FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

98 MAR 25 PM 1:48

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| James F. Williams, | ) |
| Plaintiff(s); | ) |
| | ) |
| -vs.- | ) No. CV 96-P-663-S |
| | ) |
| KCI Therapeutic Services, Inc. | ) |
| Defendant(s). | ) |

ENTERED

MAR 2 5 1998

Opinion

Defendant's Motion to Dismiss or, in the Alternative, to Stay Proceedings, and to Compel Arbitration was considered at the court's August 28, 1997 motion docket. For the following reasons, Defendant's motion is due to be GRANTED.

Statement of Facts[1]

This action arises out of a dispute between plaintiff James Williams ("Williams'"), a 48-year-old African-American male, and his employer, KCI Therapeutic Services, Inc. ("KCI"). Since 1976, Williams has been employed by KCI as Service Consultant at KCI's Birmingham location. In January 1994, Williams suffered an on-the-job injury. Williams continued to perform his regular duties until his level of discomfort forced him to visit his physician. KCI subsequently placed Williams on light duty status, permitting him to do filing and computer work in KCI's warehouse and service center. In March 1994, KCI placed Williams on worker's compensation, since KCI had no more positions available that required only light duty work. In

---

1. This recitation of "facts" is based upon the presented materials viewed in the light most favorable to the plaintiff.

1

June 1994, his physician certified that Williams could resume his full duties as a Service Consultant. KCI refused to allow Williams to resume those duties. In response, Williams filed a charge with the EEOC in July 1994, alleging age, race and disability discrimination.

On November 21, 1994, Williams signed an acknowledgment that he had received a copy of the KCI Employee Handbook, which contained a copy of KCI's binding arbitration procedures and explained, in a section entitled "Commitment to Binding Arbitration," that Williams's signature on the handbook receipt signified his acceptance of the arbitration provisions. Williams reviewed the Employee Handbook and understood that, by continuing to work for KCI, he agreed to comply with the provisions of the Handbook.

Williams filed this action on March 12, 1996, alleging violations of Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA), and 42 U.S.C. section 1981. Williams subsequently dismissed his underlying claims of discrimination under ADEA and ADA and amended his complaint to allege retaliation.

## Analysis

In its Motion to Dismiss, KCI argues that this action should be dismissed pursuant to the binding arbitration policy contained in the company's Employment Handbook. The Handbook's section entitled "Commitment to Binding Arbitration" provides:

> [T]he employee agrees that any claim he/she may have against KCI, its subsidiaries, officers, directors, agents and employees, under either state or federal law, arising out [of] the employee's employment with [KCI] or termination of employment will be submitted to final and binding arbitration in accordance with [KCI's] arbitration procedures. By agreeing to arbitrate, the employee understands that he/she is not giving up any substantive rights under either state or federal law.

The Court takes note of the fact that arbitration agreements are no longer disfavored by the courts and that, under current law, employees may agree to arbitrate statutory claims against their employers. In *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991), the United States Supreme Court stated that "by agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum." In the case at bar, all of Williams's claims arise from alleged violations of statutorally created rights. While this court has declined to compel arbitration when the arbitration procedures at issue would result in the limitation of remedies for statutory violations[2], the court's review of KCI's arbitration procedures indicates that submission of Williams's claims to binding arbitration will not result in limitation of his substantive rights.

The court also concludes that William's first objection—that KCI's delay in demanding arbitration is unreasonable and serves to place Williams at a disadvantage—is without merit. As indicated by KCI in its reply to William's opposition brief, KCI waited to demand arbitration until it confirmed, in plaintiff's deposition, that Williams 1) had an opportunity to review the Employee Handbook and the arbitration procedures contained therein, 2) signed an acknowledgment of his receipt of the Handbook, and 3) was aware that his continued employment with KCI would be governed by the policies and procedures contained in the Handbook. KCI filed this motion shortly after it completed Williams's deposition. Based upon the evidentiary materials submitted by the parties, it appears that limited discovery has been conducted thus far in this matter. KCI has deposed Williams, Williams has deposition an officer of KCI pursuant to Federal Rule of Civil

---

2. *See Pippen v. Sheraton Operating Corp.*, No. CV 96-P-1833-S, slip op. at 3 (N.D. Ala. Feb. 4, 1997) (finding that the defendant's arbitration policy's limitation of recovery of attorneys' fees operated to modify the plaintiff's statutory rights).

3

Procedure 30(b)(6), and KCI has responded to one set of interrogatories propounded by Williams. The court concludes that Williams will not be prejudiced by the submission of this matter to arbitration, since much of the material gathered thus far in discovery will likely be highly relevant to the arbitration proceedings.

Accordingly, this action is due to be DISMISSED, and plaintiff's claim against KCI is due to be decided in accordance with the arbitration procedures developed by KCI and accepted by Williams.[3]

Date: March 25, 1998

Chief Judge Sam C. Pointer, Jr.

Service List:
  Mr. Gregory O. Wiggins
  Mr. C. Michael Quinn
  Mr. Alan H. Garber
  Mr. J. Tullos Wells

---

3. Paragraph 3(B) of KCI's arbitration procedures provide that an aggrieved employee shall provide written notice to KCI of any alleged statutory violation within the statute of limitations provided by the pertinent statute, and that "[t]he failure of an aggrieved party to initiate the procedures within the time limits set forth in this Article shall be deemed a waiver and release by that party with respect to such Dispute." In order that plaintiff may not be penalized for filing this action rather than demanding arbitration, the court's dismissal of this action shall be conditioned on KCI's acceptance of Williams's arbitration demand as timely.

4